

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRYAN L. WALKER**                                                  **PLAINTIFF**

**V.**                                                   CIVIL ACTION NO. 1:12cv376LG-JMR

**CHASE MANHATTAN MORTGAGE**
**CORPORATION; CHASE HOME**
**FINANCE, LLC; and NATIONWIDE**
**TRUSTEE SERVICES, INC.**                                   **DEFENDANTS**

## NOTICE OF REMOVAL

COMES NOW Chase Manhattan Mortgage Corporation and Chase Home Finance, LLC, by and through their successor in interest JPMorgan Chase Bank, N.A. (collectively, "Chase"), and file this their Notice of Removal, and in support thereof would show unto the Court the following, to-wit:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

2. Plaintiff commenced this action on November 19, 2012, in the Chancery Court of the First Judicial District of Harrison County, Mississippi, Cause No. 12-3646(3), against Chase and Nationwide Trustee Services, Inc. ("Nationwide"). A copy of the Complaint for Release of Deed of Trust and Motion for Temporary Injunction ("Complaint") is attached hereto and marked as composite Exhibit "A," and incorporated herein by reference.

3. Plaintiff alleged that he and his then wife entered into a mortgage loan on November 12, 2001, that was secured by the real property located at 14013 Dunnbarton Drive, Gulfport, Mississippi. *See* Complaint at ¶ 3. Plaintiff alleged that the subject property was set for foreclosure on November 21, 2012. *See* Complaint at ¶ 7. Plaintiff alleged that the trustee had not been properly substituted. *See* Complaint at ¶¶ 5, 6 & 8. Plaintiff further alleged that enforcement of the underlying indebtedness and the resulting security interest were barred. *See* Complaint at ¶¶ 10-13. The Complaint demanded injunctive relief with respect to the pending foreclosure, and a judicial determination "that Defendants are barred from bringing a claim based on the loan secured by the deed of trust and therefore are barred from exercising the power of sale provided by the deed of trust, and that because the deed of trust cannot be enforced, the real property subject to it should be released from it and the deed of trust should be canceled." *See* Complaint at p. 4.

4. Plaintiff is a citizen of Mississippi. Chase Manhattan Mortgage Corporation was a New Jersey corporation with its principal place of business in New Jersey. Chase Home Finance, LLC was a Delaware limited liability company with its principal place of business in New Jersey. JPMorgan Chase Bank, N.A. is the successor to both Chase Manhattan Mortgage Corporation and Chase Home Finance, LLC, and is a national bank with its principal place of business in Ohio.

Nationwide is a Tennessee corporation with its principal place of business in Tennessee. *See* Complaint at ¶ 1(d). Thus, complete diversity exists between Plaintiff and the Defendants. The amount in controversy requirement has also been satisfied based upon the claims asserted by Plaintiff. Plaintiff demanded non-monetary relief in the form of an injunction and declaratory relief relating to the subject property. *See* 28 U.S.C. § 1446(c)(2). Plaintiff's claims for injunctive relief and declaratory relief exceed the sum of $75,000, based upon the value of the underlying loan and the subject property. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Removal in this matter is timely pursuant to 28 U.S.C. § 1446. The Complaint was not filed until November 19, 2012, and has been removed within thirty days thereof. *See* 28 U.S.C. § 1446(b)(2)(B). Any necessary and required parties will consent to or join in the removal of this action within the time permitted by law.

6. By filing this Notice of Removal, Chase does not waive its rights to object to service, service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses. Additionally, Chase expressly reserves any right to have the claims asserted herein resolved solely through arbitration.

7. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff in accordance with 28 U.S.C. §§ 1367 & 1441.

8. A copy of this Notice of Removal has been sent to counsel of record for the Plaintiff, and will be filed with the clerk of the ~~Circuit~~ Chancery Court of the First Judicial District of Harrison County, Mississippi.

9. The entire state court file will be filed electronically pursuant to 28 U.S.C. § 1446(a) and Uniform Local Rule 5(b).

WHEREFORE, PREMISES CONSIDERED, Chase prays that this Court assume full jurisdiction over these proceedings as provided for by law.

THIS the 28th day of November, 2012.

Respectfully submitted,

**CHASE MANHATTAN MORTGAGE CORPORATION and CHASE HOME FINANCE, LLC, by and through their successor in interest JPMorgan Chase Bank, N.A.**

By: /s/
Of Counsel

Mark H. Tyson (MSB #9893)
Stephen T. Masley (MSB #101870)
McGLINCHEY STAFFORD, PLLC
City Center South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi  39225-2949
Telephone: (601) 960-8400
Facsimile:   (601) 960-3520
mtyson@mcglinchey.com
smasley@mcglinchey.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

> Seth W. Shannon
> Mississippi Center for Justice
> P.O. Box 1023
> Jackson, Mississippi 39215
>
> John McAdams
> Harrison County ~~Circuit~~ Chancery Clerk
> P.O. Drawer CC
> Gulfport, Mississippi 39502

This the 28th day of November, 2012.

_____
Of Counsel

270332.1